
1  Natalie Hernandez Catahan CA Bar No. 289350
   natalie.hernandez@ogletree.com
2  Sandra Aguilar CA Bar No. 357191
   sandra.aguilar@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:  714-800-7900
6  Facsimile:   714-754-1298

7  Attorneys for Defendant
   Abbott Construction LLC, f/k/a/
8  Abbott Construction

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ISAIAS CABRERA, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>ABBOTT CONSTRUCTION LLC, f/k/a/ ABBOTT CONSTRUCTION; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No. 2:25-cv-02566<br><br>**DEFENDANT ABBOTT CONSTRUCTION LLC, F/K/A/ ABBOTT CONSTRUCTION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed concurrently with Request for Judicial Notice; Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Ashley Hill; Declaration of Natalie Hernandez Catahan; and Notice of Related Cases*]<br><br>Complaint Filed:  February 13, 2025<br>Trial Date:         None Set<br>District Judge:     Hon. TBD<br>Magistrate Judge:   Hon. TBD |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ABBOTT CONSTRUCTION LLC, f/k/a/ ABBOTT CONSTRUCTION ("Defendant"), petitions the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Defendant makes this petition on the following grounds: (1) there is complete diversity of citizenship between Plaintiff Isaias Cabrera ("Plaintiff"), a citizen of the State of California and Defendant ABBOTT CONSTRUCTION LLC, f/k/a/ ABBOTT CONSTRUCTION, a citizen of the States of Delaware and New York; (2) the amount in controversy meets the jurisdictional requirement of exceeding $75,000 as set forth in Section 1332(a); and (3) this removal petition is timely filed. The foregoing facts were true when Plaintiff filed the Complaint and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

## I. THE STATE COURT ACTION

1. On February 13, 2025, Plaintiff filed an action in the Superior Court of the State of California for the County of Los Angeles ("Los Angeles County Superior Court") entitled *ISAIAS CABRERA v. ABBOTT CONSTRUCTION LLC, f/k/a/ ABBOTT CONSTRUCTION*, bearing case no. 25STCV04142 (the "Complaint"). *See* Complaint.

2. Defendant received service of the Summons and Complaint on February 21, 2025. Declaration of Ashley Hill ("Hill Decl.") at ¶ 7. Copies of the Notice of Service of Process, Summons, Complaint, and all other documents served on Defendant are attached as "**Exhibit A**" to the Declaration of Natalie Hernandez Catahan ("Catahan Decl.") at ¶ 4.

/ / /

3.  Plaintiff's Complaint alleges seven causes of action: (1) Disability Discrimination in Violation of California Govt. Code §§ 12940 *et seq.*; (2) Age Discrimination in Violation of Govt. Code §§ 12940 *et seq.*; (3) Failure to Accommodate Disability in Violation of Govt. Code § 12940(m); (4) Failure to Engage in the Interactive Process in Violation of Govt. Code § 12940(n); (5) Failure to Prevent Discrimination in Violation of Govt. Code § 12940(k); (6) Wrongful Termination in Violation of Public Policy; and (7) Retaliation in Violation of California Govt. Code § 12940(h).

4.  On March 21, 2025, Defendant filed its Answer in the Los Angeles County Superior Court.  A true and correct copy of Defendant's Answer is attached as "**Exhibit B**" to the Catahan Decl. at ¶ 5.

## II.   **REMOVAL IS TIMELY**

5.  A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period).

6.  Pursuant to 28 U.S.C. § 1446(b), this removal is timely being filed within thirty (30) days from the date Defendant was served with the Summons and Complaint in this matter. *See also* Fed. R. Civ. P. 26. As set forth in Paragraph No. 2 above, Plaintiff first served Defendant with the Summons and Complaint on February 21, 2025. *See* Hill Decl. at ¶ 7.

/ / /

/ / /

/ / /

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

7. This timely Notice is based on complete diversity of the proper parties. Plaintiff is a citizen of the State of California, Defendant is a citizen of the States of Delaware and New York.

### A. Plaintiff Is A Citizen Of The State Of California

6. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7. Plaintiff's Complaint sets forth that "[a]t all times [mentioned in the Complaint], and at the time the causes of action arose, Plaintiff Isaias Cabrera (hereinafter "Plaintiff" or "Cabrera") was and is an individual residing in the State of California." Complaint ¶ 1. Throughout his employment, Plaintiff was required to provide his residential address to Defendant. *See* Hill Decl. at ¶ 6. Throughout his employment with Defendant, Plaintiff worked within the State of California. *Id.* Further, Defendant's payroll records for Plaintiff and correspondence issued to Plaintiff also indicate that throughout the relevant time period, Plaintiff lived in California. *Id.* Accordingly, Defendant is informed and believes that Plaintiff is a citizen of the State of California for purposes of this removal.

### B. Defendant Is A Citizen Of The States of Delaware and New York

8. Defendant was, at the time the Complaint was filed, and still is, a citizen of a State *other* than California within the meaning of 28 U.S.C. § 1332(c)(1). For diversity purposes, the citizenship of a limited liability company (LLC) is the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens"); *TPS Uticom Servs., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated

1  like a partnership for the purpose of establishing citizenship under diversity
2  jurisdiction").

3  9.  Defendant is a Washington limited liability company. Hill Decl. at ¶ 3.
4  Defendant's sole members is Abbott Merger, LLC. Hill Decl. at ¶ 4. Abbott Merger,
5  LLC's sole member is Layton Construction Company LLC. *Id.* Layton Construction
6  Company LLC's sole member is STO CM LLC. *Id.* STO CM LLC's sole member is
7  STO Building Group, Inc. *Id.*

8  10.  The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S.
9  77, 92-93 (2010), held that a corporate entity's "principal place of business" for
10  determining its citizenship is its "nerve center." *Id*. The Court further clarified that the
11  principal place of business was the place where the corporation "maintains its
12  headquarters provided that the headquarters is the actual center of direction, control
13  and coordination." *Id*. If a party is a corporation, it is a citizen of both its state of
14  incorporation and the state where it has its principal place of business. 28 U.S.C. §
15  1332(c)(1).

16  11.  STO Building Group, Inc. is incorporated in the State of Delaware and
17  its principal place of business and headquarters is located at 330 West 34th Street, New
18  York, New York 10001. Hill Decl. at ¶ 5. From its headquarters in New York, NY,
19  STO Building Group, Inc.'s officers direct, coordinate, and control STO Building
20  Group, Inc.'s business operations. *Id.*

21  12.  Thus, because Defendant's members are citizens of Delaware and New
22  York, Defendant is a citizen of Delaware and New York, and not a citizen of
23  California. *See Johnson v. Columbia Props. Anchorage, supra*, 437 F.3d at 899; *TPS
24  Utilicom Servs., Inc. v. AT&T Corp.*, *supra*, 223 F.Supp.2d at 1101; *Hertz Corp. v.
25  Friend*, *supra*, 559 U.S. at 92-93; 28 U.S.C. § 1332(c)(1).

26  **C.  The Citizenship Of "Doe Defendants" Must Be Disregarded**

27  13.  The Complaint names "DOES 1 through 50, inclusive," as defendants
28  in this lawsuit. In a removal, this designation may be ignored under 28 U.S.C. §

4

1441(b)(1): "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000 EXCLUSIVE OF INTEREST AND COSTS

14. This Court has original jurisdiction over the case pursuant to United States Code, Title 28, Sections 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000 minimum, exclusive of interest and costs.

15. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below.[1]

16. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F.Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

17. Plaintiff seeks to recover general and special damages including, but not limited to, lost earnings and wages, emotional distress, attorney's fees and costs,

---

[1] By estimating the amounts Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

and punitive damages. *See* Complaint ¶¶ 27-29, 35-37, 44-46, 52-54, 58-60, 64-66, 70-72 and Prayer for Relief ¶¶ 1, 5-6, 8.

18.     Based on the allegations in the Complaint, Defendant's conservative, good faith estimate of the value of this action if Plaintiff prevails and recovers the damages that he seeks is well in excess of $75,000. Specifically, Defendant estimates the amount in controversy as follows:

**A.      Lost Earnings**

19.     According to Plaintiff's Complaint, Plaintiff alleges compensatory damages including lost wages. *See* Plaintiff's Prayer for Relief ¶ 1. The Court may consider lost earnings in determining the amount in controversy. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

20.     Plaintiff's employment with Defendant ended on July 13, 2023. Hill Decl. at ¶ 6. At the time of Plaintiff's termination, Plaintiff was a full-time employee earning $37.26 an hour (or approximately $1,490 a week). *Id.*

21.     Based on Plaintiff's earnings of approximately $1,490 a week, Plaintiff's alleged unmitigated lost earnings since his termination of July 13, 2023 to the date of this Removal currently totals $131,120 ($1,490 x 88 weeks). Based on the 2024 Judicial Caseload Profile for the Central District of California,[2] the median time frame from filing in federal court to trial in a civil case is 29.7 months.[3] By the time this case is resolved at trial, likely no earlier than late August 2027 (29 months from the date the lawsuit was removed to federal court, and approximately 48 months since Plaintiff's termination), Plaintiff's unmitigated lost wages could amount to approximately $318,860 ($1,490 x 214 weeks).

---

[2] Defendant requests the Court take judicial notice pursuant to Fed. R. Evid. 201.

[3] *See* **"Exhibit C"** to Catahan Decl. at ¶ 6.

B.     **Emotional Distress Damages**

22.    Plaintiff alleges that, as a result of Defendant's actions, he "has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring." Complaint ¶¶ 28, 36, 45, 53, 59, 65, 71. Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons, supra*, 209 F.Supp.2d at 1031–35.

23.    To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons, supra*, 209 F.Supp.2d at 1033; *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999). In California, courts have awarded substantial damages for emotional distress in employment cases alleging discrimination and retaliation. *See, e.g., Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (pain and suffering award of $250,000 in discrimination and harassment case); *Barrie v. California Department of Transportation*, 2017 WL 4631647 (Nevada Cty. Super. Ct.) (awarding Plaintiff $3,000,000 for pain and suffering for various FEHA violations including disability discrimination); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (Los Angeles Cty. Super. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves of absence); *Espinoza v. Cty. of Orange*, 2009 WL 6323832 (Orange Cty. Super. Ct.) (awarding plaintiff $500,000 in emotional distress damages for disability discrimination and harassment); *Ko v. The Square Group L.L.C. d/b/a the Square Supermarket, et al.*, 2014 WL 8108413 (Los Angeles Cty. Super. Ct.) (awarding Plaintiff $125,000 for emotional distress and $500,000 in punitive damages in a disability discrimination case); *Vitrano v. Advanta Mortgage Corp. USA*, 1998 WL 301262 (San Diego Cty. Super. Ct.) (awarding Plaintiff $318,817 in economic damages, $100,000 for emotional distress and $125,000 in punitive damages in

disability discrimination case). True and correct copies of these verdicts are attached as "**Exhibit D**" to Catahan Decl. at ¶ 7.

24.   Therefore, if Plaintiff were to prevail at trial, he could be awarded a substantial amount of emotional distress damages in addition to any award for lost wages and benefits.

C.   **Punitive Damages**

25.   Plaintiff's Complaint also seeks recovery for punitive or exemplary damages. *See* Complaint ¶¶ 29, 37, 46, 54, 60, 66, 72.

26.   "Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, *supra*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy).

27.   California courts have awarded plaintiffs significant punitive damages in employment actions alleging discrimination or retaliation. *See Gutierrez v. Dignity Health*, 2019 WL 3069313 (Kern Cty. Super. Ct.) (awarding Plaintiff $175,000 in punitive damages in disability discrimination and retaliation case); *Colucci v. T-Mobile USA Inc.*, 2017 WL 4265980 (San Bernardino Cty. Super. Ct.) (punitive damages award for $4,000,000 in disability discrimination case); *Flores v. Office Depot Inc.*, 2017 WL 773850 (Los Angeles Cty. Super Ct.) (awarding Plaintiff $8,000,000 in punitive damages in disability discrimination and retaliation case); *Ko, supra,* 2014 WL 8108413 (awarding Plaintiff $125,000 for emotional distress and $500,000 in punitive damages in a disability discrimination case); *Juarez, supra*, 2014 WL 7017660 (S.D. Cal. 2014) (punitive damages award of $185,000,000 in discrimination case); *Rodriguez v. Valley Vista Services, Inc., et al*., (Los Angeles Cty. Super. Ct.) (awarding Plaintiff $21,798,446 consisting of $528,185 in economic

damages, $4,700,000 in non-economic damages, and $16,570,261 in punitive damages in a disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation, and wrongful termination case); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Cty. Super. Ct.) (awarding Plaintiff $1,000,000 in punitive damages in disability discrimination case); *Vitrano, supra,* 1998 WL 301262 (awarding Plaintiff $318,817 in economic damages, $100,000 for emotional distress and $125,000 in punitive damages in disability discrimination case). True and correct copies of these verdicts are attached as "**Exhibit D**" to Catahan Decl. at ¶ 7.

28. Indeed, in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2004), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "single-digit multipliers are more likely to comport with due process."

29. Therefore, if Plaintiff were to prevail at trial, he could be awarded a substantial amount of punitive damages, which must be taken into consideration in evaluating the amount-in-controversy requirement for purposes of removal.

**D.     Attorney's Fees**

30. Attorney's fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S, supra*, 142 F.3d at 1155-56. Attorney's fees are recoverable as a matter of right to the prevailing party under the FEHA. *See* Cal. Gov. Code § 12965.

31. Here, Plaintiff seeks attorney's fees under FEHA pursuant to the California Government Code. *See* Prayer for Relief ¶ 6. Thus, the Court must consider Plaintiff's request for attorney's fees in assessing the amount-in-controversy requirement.

32. Courts have awarded far in excess of $75,000 in attorney's fees in FEHA cases. *See, e.g., Salvaterra v. Taco Hut Mexican Grill*, Case No. CIVDS1410925 (San

Bernardino Cty. Super. Ct.) (attorney's fees award of $578,340 in FEHA case).  A true and correct copy of this award is attached as "**Exhibit D**" to Catahan Decl. at ¶ 7.

33. Defendant anticipates depositions being taken in this case and that Defendant will file a Motion for Summary Judgment. Based on defense counsel's experience, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. *See* Catahan Decl. at ¶ 8.

34. Accordingly, based on a good faith estimate of the value of the claims asserted on the face of the Complaint, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *see, e.g., Simmons, supra*, 209 F. Supp. 2d at 1031-1035 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney's fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal); *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. 2017) (finding that pregnancy discrimination claim praying for economic damages and unspecified emotional distress, punitive damages, and attorney's fees satisfied the amount in controversy required to establish diversity jurisdiction, even though the plaintiff had only incurred $27,027 in lost wages at the time of removal).

/ / /

35. This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.

## V.   THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

36. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. Therefore, venue is proper in this Court, pursuant to 28 U.S.C. 84(c), because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

37. As required by 28 U.S.C. § 1446(a), **Exhibits A & B** attached hereto to the Catahan Decl., contain copies of all process, pleadings, and orders served upon Plaintiff, Defendant, or the Court.

38. As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after Defendant was served with the Summons and Complaint following the filing of Plaintiff's Complaint.

39. As required by 28 U.S.C. §1446(d), Defendant will provide notice of this removal to Plaintiff through his attorney of record.

40. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Los Angeles.

41. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause

/ / /
/ / /
/ / /
/ / /
/ / /

so that Defendant may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes the above-referenced action to this Court.

DATED: March 24, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Natalie Hernandez Catahan*
    Natalie Hernandez Catahan
    Sandra Aguilar
    Attorneys for Defendant
    Abbott Construction LLC, f/k/a/
    Abbott Construction

# PROOF OF SERVICE
*Isaias Cabrera v. Abbott Construction LLC, f/k/a/ Abbott Construction, et al.*
Case No. 2:25-cv-02566

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

On March 24, 2025, I served the following document(s):

**DEFENDANT ABBOTT CONSTRUCTION LLC, F/K/A/ ABBOTT CONSTRUCTION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:
☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

13  Case No. 2:25-cv-02566
DEFENDANT ABBOTT CONSTRUCTION LLC, F/K/A/ ABBOTT CONSTRUCTION'S NOTICE OF REMOVAL OF CIVIL ACTION

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 24, 2025, at San Diego, California.

_____
Pamela Blanton

# SERVICE LIST

| | |
|---|---|
| Hugo E. Gamez, Esq.<br>LAW OFFICES OF HUGO GAMEZ<br>1900 Avenue of the Stars, Suite 900<br>Los Angeles, CA  90067<br>Telephone:  424-442-0623<br>Facsimile:   310-693-2538<br>hugo@hgamezlaw.com | Attorneys for Plaintiff<br>Isaias Cabrera |
| Toni J. Jaramilla, Esq.<br>TONI J. JARAMILLA, A Professional Law Corp.<br>1900 Avenue of the Stars, Suite 900<br>Los Angeles, CA  90067<br>Telephone:  310-551-3020<br>toni@tjjlaw.com<br>stefanie@tjjlaw.com | Attorneys for Plaintiff<br>Isaias Cabrera |

DEFENDANT ABBOTT CONSTRUCTION LLC, F/K/A/ ABBOTT CONSTRUCTION'S NOTICE OF REMOVAL OF CIVIL ACTION