**LAW OFFICES OF HUGO GAMEZ**
HUGO E. GAMEZ, ESQ. (SBN 276765)
Hugo@hgamezlaw.com
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel:   (424) 442-0623
Fax:   (310) 693-2538

Toni J. Jaramilla, Esq. (SBN 174625)
**TONI J. JARAMILLA, A Professional Law Corp.**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 551-3020
Emails: toni@tjjlaw.com

Attorneys for Plaintiff
ISAIAS CABRERA

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/13/2025 3:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Munoz, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ISAIAS CABRERA, an individual,<br>Plaintiff,<br><br>v.<br><br>ABBOTT CONSTRUCTION LLC, f/k/a/<br>ABBOTT CONSTRUCTION; and DOES 1<br>through 50, inclusive,<br><br>Defendants. | Case No.: 25STCV04142<br><br>COMPLAINT FOR:<br><br>1. Disability Discrimination in Violation of California Gov. Code § 12940 et seq.;<br>2. Age Discrimination in Violation of Gov. Code § 12940 et seq.;<br>3. Failure to Accommodate Disability in Violation of Gov. Code § 12940(m);<br>4. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n);<br>5. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k);<br>6. Wrongful Termination in Violation of Public Policy;<br>7. Retaliation in Violation of California Government Code 12940(h);<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT

1   Plaintiff Isaias Cabrera, alleges as follows:

2   **THE PARTIES**

3   1.      At all times herein mentioned, and at the time the causes of action arose, Plaintiff

4   Isaias Cabrera (hereinafter "Plaintiff" or "Cabrera") was and is an individual residing in the State

5   of California.

6   2.      At all times mentioned herein, ABBOTT CONSTRUCTION LLC f/k/a/ ABBOTT

7   CONSTRUCTION (hereinafter ABBOTT), was and is doing business in the State of California,

8   County of Los Angeles.

9   3.      Plaintiff is unaware of the true names and capacities of the Defendants sued herein

10  as DOES 2 through 50, inclusive, and for that reason sues these Defendants by such fictitious

11  names under Code of Civil Procedure § 474. Plaintiff will file and serve an amendment to this

12  complaint alleging the true names and capacities of these fictitiously named Defendants when

13  such true names and capacities become known to Plaintiff.

14  4.      Plaintiff is informed and believes, and based thereon alleges, that each of the

15  fictitiously named Defendants is responsible in some manner for, and proximately caused, the

16  harm and damages alleged herein below.

17  5.      Plaintiff is informed and believes, and based thereon alleges, that each of the

18  Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, and/or joint-

19  venturer, of each of the other Defendants named herein and, in doing the acts and in carrying out

20  the wrongful conduct alleged herein, each of the Defendants acted within the scope of their

21  relationship with and with the permission, consent, and ratification of each of the other

22  Defendants named herein.

23  6.      Hereinafter in this complaint, ABBOTT, and DOES 1 through 50, inclusive, shall

24  be collectively referred to as "Defendants."

25  **FACTUAL BACKGROUND**

26  7.      ABBOTT's website states "Since 1983, Abbott Construction has been

27  empowering clients with a construction experience unlike any other – one that's personal,

28  powerful, abundantly clear, and financially rewarding."

8.     ABBOTT provides construction services for customers in California and also provides services such as site selections, contract negotiation, selection of design and engineering teams, pre-construction budgeting and benchmarks, competitive bidding, project execution and construction.

9.     Plaintiff began working for Defendants in or about 2002 as a carpenter and was later promoted to a foreman. During the course of his employment with Defendants, Plaintiff performed his duties in a competent and efficient manner in conformity with Defendants' rules and policies.

10.     In or about the end of May 2019, Plaintiff suffered an injury when a roofing company dropped material and struck his head and hand causing his wrist to break in twelve pieces. Plaintiff was off work for approximately 6 months due to his wrist surgery and was subsequently allowed to return to work with restrictions.

11.     Plaintiff underwent several surgeries in 2021 and 2022, was allowed to take time off to recuperate and return to work light duty with restrictions. Plaintiff provided multiple medical certifications to Defendants from his doctor, extending his leave of absence and/or allowing him to return with restrictions. Each time Plaintiff was treated by his medical provider Plaintiff provided Defendants with medical certifications regarding his work status.

12.     In or about the beginning of 2023 while Plaintiff was working light duty, his superintendent told Plaintiff he was old and was getting overpaid for light duty work and should retire. Plaintiff complained to the Senior Superintendent, but his complaints fell on deaf ears.

13.     In early 2023 while working light duty, in the main office, Defendants' superintendent told Plaintiff he was too old, should retire and Defendants would have a big farewell party for Plaintiff. Plaintiff informed his superintendent that he needed to continue working to support his family including his wife who was a cancer survivor.

14.     In or about May 2023 Plaintiff was assigned to work light duty at a job site in Beverly Hills.

15.     On or about June 29, 2023, Plaintiff's superintendent asked him to attend a safety training at the central office. Plaintiff followed his superintendent's instructions and showed up to

the safety course which took place on or about June 30, 2023.

16.     On or about June 30, 2023, after Plaintiff completed the safety course, his superintendent asked him to meet in a conference room.

17.     On June 30, 2023, Defendants terminated Plaintiff stating there was no more work available for him. Plaintiff questioned the reason for his termination and pointed out that he was assigned to a job site in Beverly Hills where there was plenty of work for him to perform with his restrictions. Plaintiff's superintendent stated that Plaintiff was being terminated because of his restrictions and that he could reapply to work for Defendants once his doctor fully released him to work (100% healed policy).

18.     Defendants failed to engage in the interactive process with Plaintiff, and failed to accommodate his disability, and instead terminated Plaintiff's employment while Plaintiff was able to work with accommodations.

19.     Based on information and belief, Plaintiff's disability/medical conditions, request for accommodations, were the motivating factors for Plaintiff's termination.

20.     Based on information and belief, Plaintiff's age was a motivating factor for Plaintiff's termination.

21.     Before filing this lawsuit, Plaintiff exhausted his administrative remedies by timely filing a complaint with the California Civil Rights Department (CCRD) and receiving a right-to-sue notice (Attached as Exhibit 1).

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF

### CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.

(Against all Defendants)

22.     Plaintiff re-alleges and incorporates Paragraphs 1 through 21 above as though fully set forth herein.

23.     At all times herein mentioned, the California Fair Employment and Housing Act (FEHA), California Government Code § 12940, was in full force and effect.  Under the FEHA, "It shall be an unlawful employment practice . . . [¶] (a) For an employer, because of . . . physical

disability . . . [or] medical condition, . . . to discharge the person from employment or . . . to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Defendants violated this section by terminating Plaintiff because of his disability.

24.     Defendants were an employer within the meaning of the FEHA because they employed five or more persons.

25.     Plaintiff was disabled for the purposes of the FEHA. Plaintiff had a serious medical condition resulting in a disability that limited his ability to perform a major life activity, namely, his job. Moreover, Plaintiff had a record or history of his work injury and disability that was known to Defendants, this independently constituting a disability under Cal. Gov. Code §12926(k)(3). Furthermore, Defendants treated Plaintiff as though he had, or had had in the past, a physical condition making the achievement of a major life activity difficult; or it believed that, although his physical impairment might have had no disabling effect at the end of the leave period, that impairment might again worsen into a physical disability. *See* Government Code § 12926(k)(4), (5).

26.     Plaintiff was subjected to an adverse employment action because of his disability. Plaintiff was terminated because of his disability and need for reasonable accommodations. Defendants failed to accommodate Plaintiff's disability and terminated him because of his disability/perceived disability.

27.     As a direct and proximate cause of Defendants' violation of the FEHA, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

28.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring. The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

29.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the

- 4 -

rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

**SECOND CAUSE OF ACTION**

**AGE DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ.**

**(Against All Defendants)**

30. Plaintiff re-alleges and incorporates Paragraphs 1 through 29 above as though fully set forth herein.

31. At all times herein mentioned, the California Fair Employment and Housing Act, California Government Code Section 12940 et seq. ("FEHA") was in full force and effect and was binding on Defendants, who each regularly employed five or more persons.

32. On information and belief, during Plaintiff's employment with Defendants, Defendants, through their supervisors, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old.

33. Plaintiff was a qualified employee at the time his employment was terminated, he was more than 40 years old, was discriminated because of his age and his superintendents made comments that he was too old and should retire. On information and belief Plaintiff was replaced by an employee that was significantly younger than him, and/or his job duties were reassigned to an employee that was significantly younger than Plaintiff, raising an inference of discrimination.

34. On the basis of the above, Plaintiff believes and alleges that his age was a motivating factor in Defendants' termination of his employment.

35. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

36. As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress

and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring. The exact nature and extent of these injuries are presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

37.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

**THIRD CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DIABILITY IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940(m)**

(Against all Defendants)

38.     Plaintiff re-alleges and incorporates Paragraphs 1 through 37 above as though fully set forth herein.

39.     California Government Code § 12940(m) prohibits an employer from failing to make reasonable accommodations for known disabilities of employees. Defendants violated this section by failing to accommodate Plaintiff's known disabilities.

40.     Plaintiff was disabled within the meaning of the FEHA, and Defendants knew of his disability.

41.     Plaintiff was able to perform his essential job duties with or without a reasonable accommodation.

42.     Defendants did not make reasonable accommodations to Plaintiff, despite their ability to do so without suffering undue hardship; instead, they terminated him.

43.     Plaintiff believes and, on that basis, alleges that his disability was a motivating factor in Defendants terminating him because of his disability/perceived disability.

- 6 -

COMPLAINT

44.    As a direct and proximate cause of Defendants' violation of California Government Code § 12940(m), Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

45.    As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring.  The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

46.    The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

#### (Against All Defendants)

47.    Plaintiff re-alleges and incorporates Paragraphs 1 through 46 above as though fully set forth herein.

48.    California Government Code § 12940(n) prohibits an employer from failing to engage in a good-faith, interactive process to determine whether it would be possible to implement effective reasonable accommodations for employees with disabilities.  Defendants violated this section by failing to engage in the interactive process with regard to Plaintiff's disabilities.

49.    Plaintiff was disabled within the meaning of the FEHA, and Defendants knew of his disability.

- 7 -

50.     Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he could perform his essential job requirements.

51.     By terminating Plaintiff, Defendants failed to engage in the good-faith interactive process.

52.     As a direct and proximate cause of Defendants' violation of California Government Code § 12940(n), Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

53.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring.  The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

54.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## FIFTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE § 12940(k)

### (Against all Defendants)

55.     Plaintiff re-alleges and incorporates Paragraphs 1 through 54 above as though fully set forth herein.

56.     California Government Code § 12940(k) prohibits an employer from failing to take all reasonable steps necessary to prevent discrimination from occurring.

57.     By terminating Plaintiff because of his disability/perceived disability, allowing

Plaintiff's superintendents to state Plaintiff was too old and should retire, failing to accommodate, failing to engage in the interactive process, and failing to prevent discrimination and retaliation for engaging in protected activity, Defendants did not take all reasonable steps necessary to prevent discrimination from occurring.

58.     As a direct and proximate cause of Defendants' violation of California Government Code § 12940(k), Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

59.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring. The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

60.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants)

61.     Plaintiff re-alleges and incorporates Paragraphs 1 through 60 above as though fully set forth herein.

62.     Plaintiff's age, disability, and need for reasonable accommodations, therefore were jointly and severally substantial factors in Defendants' decision to terminate Plaintiff.

63.     Plaintiff's termination was wrongful in that it violated the fundamental public policies of this State and of the United States of guaranteeing of prohibiting disability discrimination. These public policies are embodied in the FEHA, which states that it shall be

- 9 -

unlawful to terminate or take any adverse action against a person on the basis of their age and/or disability.

64.    As a direct and proximate cause of Defendants' adverse actions, including but not limited to Plaintiff's termination, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

65.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof at the time of trial.

66.    The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SEVENTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF

## CALIFORNIA GOVERNMENT CODE § 12940(h)

(Against All Defendants)

67.    Plaintiff re-alleges and incorporates Paragraphs 1 through 66 above as though fully set forth herein.

68.    At all times herein mentioned, FEHA, Government Code § 12940(h), were in full force and effect and binding on Defendants. These statutes require Defendants to refrain from retaliating against Plaintiff.

69.    Defendants' adverse actions against Plaintiff as described in this Complaint constitute unlawful retaliation against Plaintiff due to his age and for requesting and using a disability related accommodation.

70.    As a direct and proximate cause of Defendants' violation of California

- 10 -

Government Code § 12940(h), Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

71.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety.  The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

72.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     Compensatory damages including economic losses, lost wages and benefits, medical bills, insurance benefits, mental and emotional distress, and other special and general damages according to proof;

2.     Injunction against discriminatory and retaliatory practices in the future;

3.     Creation of a court supervised policy against discriminatory practices and a policy against retaliation of employees who complain of discrimination in the workplace;

4.     Imposition of periodic reporting requirements on the Company to the CRD and/or EEOC;

5.     Punitive damages on all claims against Defendants for which such damages are recoverable;

6.     Reasonable attorneys' fees pursuant to *Government Code* Section 12965(b), and any and all other applicable laws and statutes;

7.     For pre-judgment and post-judgment interest, according to proof;

8.    For punitive and exemplary damages, according to proof;

9.    For costs of suit incurred herein; and

10.    For such other relief the court may deem just and proper.

DATED: February 12, 2025         LAW OFFICES OF HUGO GAMEZ
                                 TONI J. JARAMILLA, A PROFESSIONAL LAW CORP.


By _____
    Hugo Gamez
    Toni J. Jaramilla
    Attorneys for Plaintiff ISAIAS CABRERA

- 12 -

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all claims and issues that are so triable.

DATED:  February 12, 2025

LAW OFFICES OF HUGO GAMEZ
TONI J. JARAMILLA, A PROFESSIONAL LAW CORP.

By _____
Hugo Gamez
Toni J. Jaramilla
Attorneys for Plaintiff ISAIAS CABRERA

- 13 -

COMPLAINT

# EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 12, 2025

Hugo Gamez, Esq
1900 Avenue Of The Stars, Suite 900
Los Angeles, CA 90067

RE:    **Notice to Complainant's Attorney**
       CRD Matter Number: 202502-28123713
       Right to Sue: Cabrera / ABBOTT CONSTRUCTION LLC, f/k/a/ ABBOTT
       CONSTRUCTION

Dear Hugo Gamez, Esq:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

February 12, 2025

RE:    **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202502-28123713
Right to Sue: Cabrera / ABBOTT CONSTRUCTION LLC, f/k/a/ ABBOTT
CONSTRUCTION

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

February 12, 2025

Isaias Cabrera
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

RE:  **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202502-28123713
Right to Sue: Cabrera / ABBOTT CONSTRUCTION LLC, f/k/a/ ABBOTT
CONSTRUCTION

Dear Isaias Cabrera:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective February 12, 2025 because an immediate
Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

After receiving a Right-to-Sue notice from CRD, you may have the right to file
your complaint with a local government agency that enforces employment anti-
discrimination laws if one exists in your area that is authorized to accept your
complaint. If you decide to file with a local agency, you must file before the
deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your
complaint with a local agency does not prevent you from also filing a lawsuit in
court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal
Employment Opportunity Commission (EEOC) to file a complaint within 30 days
of receipt of this CRD Notice of Case Closure or within 300 days of the alleged
discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Isaias Cabrera

CRD No. 202502-28123713

Complainant,

vs.

ABBOTT CONSTRUCTION LLC, f/k/a/ ABBOTT CONSTRUCTION

,

Respondents

1. Respondent **ABBOTT CONSTRUCTION LLC, f/k/a/ ABBOTT CONSTRUCTION** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Isaias Cabrera**, resides in the City of **Los Angeles**, State of **CA**.

3. Complainant alleges that on or about **February 12, 2025**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's age (40 and over), disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result of the discrimination was terminated, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies and as a result was terminated, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied work opportunities or assignments, denied accommodation for a disability.

Date Filed: February 12, 2025

CRD-ENF 80 RS (Revised 2025/02)

1

2   **Additional Complaint Details:** Complainant suffered an injury and requested a reasonable accommodation. Respondent terminated Complainant because he requested reasonable
3   accommodations in the form of light duty or working with restrictions. Respondent discriminated and retaliated against Complainant due to his disability and request for
4   reasonable accommodations. Respondent violated FEHA, CFRA, FMLA, and all applicable statutes.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                               -2-

*Complaint – CRD No. 202502-28123713*

27 Date Filed: February 12, 2025

28

                                         CRD-ENF 80 RS (Revised 2025/02)

1  VERIFICATION

2  I, **Hugo Gamez, Esq.**, am the **Attorney** in the above-entitled complaint. I have read
3  the foregoing complaint and know the contents thereof. The matters alleged are based
   on information and belief, which I believe to be true. The matters alleged are based
4  on information and belief, which I believe to be true.

5  On February 12, 2025, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.
6

7                                                                    **Los Angeles, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -3-
                           *Complaint – CRD No. 202502-28123713*
27
    Date Filed: February 12, 2025
28
                                                          CRD-ENF 80 RS (Revised 2025/02)